GARDEN, JUDGE:
Claimant filed this claim to recover liquidated damages assessed against it by the respondent for failure to complete the installation of a lighting system on 1-64 under the terms of its contract for that work.
The claimant and the respondent entered into the contract on March 10, 1977. Claimant was notified to proceed with the work on or about April 6, 1977. Actual work on the project did not begin until October 26, 1977. The contract completion date was March 15, 1978, but the actual completion date was July 26, 1978. The respondent contends that claimant would have completed this project in the time allotted under the terms of the contract, but for the fact that claimant failed to keep in contact with its suppliers and failed to perform timely the preparation work necessary for the project, thereby running into the winter season.
The claimant contends that the delay in the project was occasioned by the respondent in “green tagging” or approving lids for the conduit boxes at the site of the supplier and then later rejecting these lids on the project site, thereby making *278 it necessary to reorder the lids, which then were unavailable to the claimant until February, 1978.
The evidence showed that claimant’s supplier for the junction boxes, frames and lids submitted drawings to the respondent for approval in May, 1977. These drawings were approved by respondent’s inspector, Robert W. Kendall, on May 26, 1977. The claimant then submitted a purchase order to the supplier for the materials on June 1, 1977. A partial delivery of the junction boxes was made in August 1977, at which time respondent informed the claimant that the lids for the junction boxes did not meet the specifications, and the “green tags” were removed. The claimant contends that the junction boxes could not be installed without the lids as this would have posed a danger to vehicular traffic. The claimant then reordered the lids specified by the respondent. The new lids were not approved and delivered until February 1978, at which time claimant was able to install the junction boxes and complete the project. The claimant requested a 90-day time extension, but this request was denied. The respondent assessed liquidated damages in the amount of $10,800.00.
From the record in this claim, it was established that the problem of the lids was based upon the tensile strength. The plans provided for 18 x 18 inch junction boxes with lid strength of 60,000 psi. The claimant requested a change to 22 x 22 inch junction boxes which the respondent permitted. However, when the boxes were manufactured, the lids had a tensile strength of 30,000 psi. These were the lids which were green tagged by respondent’s inspector. That approval was an inadvertent error which was not discovered until August 18, 1977, at which time the junction boxes had been shipped to the project site. The error was discovered by the respondent’s consultant for the inspection of the materials. The whole problem originated with the failure of the respondent to indicate the tensile strength required on the shop drawings, so the inspector was not aware of the requirement.
From the record in this claim, the Court concludes that respondent’s inadvertent error of green tagging the junction boxes, at least, contributed to cause the delay experienced by claimant in completing the project. In addition, it does not ap *279 pear from the evidence that the respondent suffered any damages as a result of this delay. For those reasons, it was inappropriate for the respondent to assess liquidated damages. See Whitmyer Brothers, Inc. v. Dept. of Highways, 12 Ct.Cl. 9 (1977).
Award of $10,800.00.